### KAMPING *v.* HORAN.

*(Supreme Court, General Term, First Department.    January 28, 1889.)*

BONDS—ACTIONS—PLEADING—BREACH OF CONDITIONS.
    Where action is brought on a bond conditioned to be void on the payment of a
    sum of money secured by a chattel mortgage, according to the conditions of such
    mortgage, a complaint which does not set out the conditions of the mortgage, or
    allege any breach thereof, but merely alleges the non-payment of the sum named,
    shows no cause of action.

Appeal from circuit court, New York county.

Action by John A. Kamping against John A. Horan.    From a judgment
for plaintiff defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*R. J. Moses, Jr.*, for appellant.    *John A. Kamping, pro se.*

VAN BRUNT, P. J.    The complaint of the plaintiff alleged that the defend-
ant on the 3d day of April, 1883, made his bond or writing obligatory, sealed
with his seal, of which the following is a copy: "Know all men by these
presents that I, John A. Horan, of the city of New York, am held and firmly
bound unto John A. Kamping, of the same place, in the sum of $2,500, to be
paid to the said John A. Kamping, his executors, administrators, and assigns,
for which payment, well and truly to be made, I do bind myself, my heirs,
executors, and administrators, firmly by these presents.    The condition of
this obligation is such that if the above-bounden John A. Horan or Fanny
Mordaunt, hereinafter mentioned, his or her executors, administrators, or as-
signs, shall pay unto the said John A. Kamping, his executors, administra-
tors or assigns, the just and full sum of $750, with interest, being the same
sum which is secured by said Fanny Mordaunt unto the said John A. Horan
by a certain chattel mortgage bearing date the 2d day of April, 1883, made
between the said Fanny Mordaunt of the one part, and the said John A. Ho-
ran of the other part, according to and upon the several conditions therein

mentioned, and if the said Fanny Mordaunt shall well and truly perform all the conditions and agreements of the bond, obligation, or undertaking entered into by the said Fanny Mordaunt as principal, and Louis Gordon as surety, unto the people of the state of New York, mentioned and referred to in the said chattel mortage, then this obligation to be void; otherwise to be and remain in full force and effect." The complaint then alleged that the said John A. Horan, or Fanny Mordaunt, his or her executors, administrators, or assigns, have not paid unto said John A. Kamping, his executors, administrators, and assigns, the full and just sum of $750, with interest, or any part thereof, and that .there was due to the plaintiff thereon the sum of $650, with interest from the 3d day of April, 1883, for which he claimed and asked judgment. The answer admitted the making of a certain bond, but alleged that the defendant had not sufficient knowledge or information whether the bond was in the words and figures as in said complaint set out. The answer further denied consideration for the execution of the bond, and alleged that the same was executed under certain circumstances set out at length in the answer. The answer admitted the non-payment of the $750 mentioned in the second paragraph of the complaint, and denied the indebtedness alleged in the third paragraph. Upon the opening of the case, the defendant's counsel moved to dismiss the complaint upon the ground that it did not set forth facts sufficient to constitute a cause of action. This motion was denied, and the defendant excepted. This ruling appears to have been error. There was nothing upon the face of the complaint to show that any money whatever was due under the bond sued upon. The condition of the bond is declared to be that "if the above-bounden John A. Horan, or Fanny Mordaunt, his or her executors, etc., shall pay unto the said John A. Kamping, his executors, etc., the full and just sum of $750, with interest, being the same sum which is secured by said Fanny Mordaunt unto said John A. Horan in and by a certain chattel mortgage bearing date the 2d day of April, 1883, made between said Fanny Mordaunt of the one part, and said John A. Horan of the other part, according to and upon the several conditions therein mentioned, namely, upon the several conditions named in said chattel mortgage, and if the said Fanny Mordaunt shall well and truly perform all the conditions of the bond entered into by said Fanny Mordaunt as principal, and Louis Gordon as surety, unto the people of the state of New York mentioned and referred to in said mortgage, then the bond was to be void; otherwise to be and remain in full force and effect." There is no allegation in the complaint of the breach of this condition. In the first place, we do not know what the terms and conditions of the chattel mortgage were. There are no allegations showing what those terms and conditions were in the complaint, and whether any money was due by reason thereof from Fanny Mordaunt to John A. Horan. We are unable to determine that fact, and until that was established no breach of that condition is made out. The next condition is that, if the said Fanny Mordaunt shall well and truly perform all the conditions and agreements of the bond entered into between the said Fanny Mordaunt as principal, and Louis Gordon as surety, mentioned and referred to in said mortgage, then this obligation to be void, etc. What those conditions were we are not informed, and there is no allegation of any breach thereof. Under these circumstances, there is no cause of action set out in the complaint, and as a consequence no recovery could be had. In fact the necessity for the establishment of the allegations in said chattel mortgage seems to have been apparent to the appellant upon the offering of the testimony. As part of his case he offered such chattel mortgage, notwithstanding the objections of the defendant. Various errors in the admission of evidence seem also to have been committed, the learned judge below evidently overlooking the rule that upon the establishment of the relation between the plaintiff and defendant of attorney and client, every transaction between them unfavorable to the client is presumed

to be fraudulent, and therefore the defendant in this case had a right to show the relations existing between himself and the plaintiff, and to prove anything tending to establish the defense as mentioned in the offer. The judgment appealed from should be reversed, and new trial ordered, with costs to appellant to abide event. All concur.